19-2767-cv
*Humphrey. v. Crea*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty.

PRESENT:   JOSÉ A. CABRANES,
            BARRINGTON D. PARKER, JR.,
            MICHAEL H. PARK,
                        *Circuit Judges.*

─────────────────────────────────────

DARNELL HUMPHREY,

              *Plaintiff-Appellant,*                              19-2767-cv

                        v.

RENATO CREA, ANTHONY TANGANELLI, MICHAEL SILVA, JUAN RIVERA,

              *Defendants-Appellees,*

WATERBURY POLICE DEPARTMENT,

              *Defendant.*

─────────────────────────────────────

**FOR PLAINTIFF-APPELLANT:**          NOAH JON KORES, Gulash & Associates
                                       LLC, Bridgeport, CT.

**FOR DEFENDANTS-APPELLEES:**         DANIEL J. FOSTER, Assistant Corporation
                                       Counsel *for* Linda Wihbey, Corporation

Counsel for the City of Waterbury,
Waterbury, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Darnell Humphrey ("Plaintiff") appeals from a final judgment entered after a five-day jury trial before Judge Meyer in an action against Defendants-Appellees Renato Crea, Anthony Tanganelli, Michael Silva, and Juan Rivera (jointly, "Defendants"), four police officers alleged to have violated Plaintiff's rights during his arrest. The jury returned a verdict concluding that Plaintiff had proven his claims against Crea for the use of excessive force and for the intentional infliction of emotional distress. The jury awarded non-economic compensatory damages of $38,000 against Crea, as well as $30,000 of punitive damages against Crea in connection with the claim for intentional infliction of emotional distress. The jury otherwise concluded that Plaintiff had not proven any of the remaining claims against Crea or any of the claims against the three other Defendants. Judgment was entered on September 26, 2018.

Defendants and Plaintiff both made post-trial motions. Defendants moved to amend the judgment, arguing that (a) the punitive damages award entered against Crea would be impermissibly duplicative of any attorney's-fees award, and (b) the jury's determination of damages against Rivera was unlawful, as the jury did not make the predicate findings for each of the elements of liability against Rivera as to any of the claims. Plaintiff did not oppose the motion. Arguing that the jury's compensatory damages award against Crea was flawed because the jury overlooked undisputed evidence of $121,158.05 in medical-related bills, Plaintiff moved for an amended judgment that included those costs or, in the alternative, for a new trial on damages, pursuant to Federal Rules of Civil Procedure 59(e) and (a), respectively. Plaintiff also moved for attorney's fees and costs. In an August 6, 2019 order, the District Court granted Defendants' motion, denied Plaintiff's Rule 59 motion, and granted in part Plaintiff's motion for attorney's fees and costs. Accordingly, it directed entry of an amended judgment that (1) set aside the punitive damages award against Crea; (2) reflected judgment in favor of Rivera; and (3) reflected judgment for Plaintiff against Crea in the total amount of $107,727.62 (comprising the sum of $38,000 in non-economic compensatory damages, $66,266.66 in attorney's fees, and $3,460.96 in costs).

On appeal, Plaintiff challenges only the denial of his Rule 59 motion; he does not challenge the award of attorney's fees or the District Court's grant of Defendants' post-trial motion. We

2

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court "should not grant a motion for a new trial unless it is convinced that the jury . . . reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) (internal quotation marks omitted). "We review a district court's denial of a Rule 59 motion for a new trial for abuse of discretion." *Id.* We must view the evidence in the light most favorable to the non-moving party and "will reverse a judgment only if the district court (1) based its decision on an error of law, (2) made a clearly erroneous factual finding, or (3) otherwise rendered a decision that cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). Similarly, district courts "may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (internal quotation marks omitted). We "review the district court's ruling on a motion to amend the judgment under Rule 59(e) for abuse of discretion." *Id.* at 150.

Plaintiff argues that the jury's failure to award him any economic damages is a miscarriage of justice and a seriously erroneous result. He maintains that the verdict cannot be reconciled with the undisputed evidence—namely, medical bills exceeding $100,000 for serious injuries stemming from the arrest—and the jury's finding that Crea used excessive force. A jury finding of excessive force, however, "does not automatically entitle a claimant to compensatory damages as a matter of law." *Ali*, 891 F.3d at 65. Rather, "we must examine the record to determine whether it is possible to harmonize the jury's verdict." *Id.* We do so mindful that a court "is not limited to the specific theories of the case presented by the parties, but may adopt any reasonable view that is consistent with the facts and testimony adduced at trial." *Id.* at 66. The District Court concluded that the jury's verdict could be harmonized with the evidence at trial and that the verdict was not seriously erroneous or otherwise a miscarriage of justice. We agree. Upon careful review of the record, we identify no error in the District Court's conclusions and affirm the August 6, 2019 order denying Plaintiff's post-trial motions.

## CONCLUSION

We have reviewed all the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 6, 2019 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk